**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Huawei Technologies Co., Ltd., Huawei Technologies USA, Inc.<br><br>  Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Case No.<br>**Jury Trial Demanded** |

  Plaintiff ACQIS LLC complains against Huawei Technologies Co., Ltd. and Huawei Technologies USA, Inc. as follows:

## THE PARTIES

  1.  Plaintiff ACQIS LLC is a limited liability corporation organized under the laws of Texas, with offices at 411 Interchange Street, McKinney, Texas 75071.  A related entity, ACQIS Technology, Inc. is a corporation organized under the laws of California, having its principal place of business at 1621 West El Camino Real, Mountain View, California 94040.  ACQIS LLC—the Texas entity—is operated from California where its President William Chu resides.  Mr. Chu is also the Chief Executive Officer of ACQIS Technology, Inc.  The plaintiff in this case, ACQIS LLC, will be referred to herein as ACQIS.

  2.  Defendant Huawei Technologies Co., Ltd. is a corporation organized under the laws of the People's Republic of China, having its principal place of business in Guangdong, China.  Huawei does business in the United States through its subsidiary, Huawei Technologies USA, Inc., a corporation organized under the laws of Texas, having its principal place of business in Plano, Texas.  Huawei Technologies USA, Inc.'s agent for service of process in

Texas is CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.  Huawei Technologies Co., Ltd. and Huawei Technologies USA, Inc. are collectively referred to as "Huawei."

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Huawei is subject to this Court's personal jurisdiction because it does and has done substantial business in Texas, including: (i) making, using, and/or selling infringing goods; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods used or consumed by, and services provided to, persons in the state of Texas and in this judicial district.  For example, Huawei maintains its North American headquarters at 5700 Tennyson Parkway, Suite 500, Plano, Texas.  Accordingly, Huawei has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE PATENTS-IN-SUIT

7.      On April 22, 2008, United States Patent No. 7,363,416 ("the '416 Patent") entitled "Computer System Utilizing Multiple Computer Modules with Password Protection" issued to William W.Y. Chu.  (A copy of the '416 Patent is attached hereto as Exhibit A.)  The entire right, title and interest to the '416 Patent has been assigned to ACQIS.  ACQIS is the owner and possessor of all rights pertaining to the '416 Patent.

8.      On March 9, 2010, United States Patent No. 7,676,624 ("the '624 Patent") entitled "Multiple Module Computer System and Method Including Differential Signal Channel Comprising Unidirectional Serial Bit Channels" issued to William W.Y. Chu.  (A copy of the '624 Patent is attached hereto as Exhibit B.)  The entire right, title and interest to the '624 Patent has been assigned to ACQIS.  ACQIS is the owner and possessor of all rights pertaining to the '624 Patent.

9.      On October 19, 2010, United States Patent No. 7,818,487 ("the '487 Patent") entitled "Multiple Module Computer System and Method Using Differential Signal Channel Including Unidirectional, Serial Bit Channels" issued to William W.Y. Chu.  (A copy of the '487 Patent is attached hereto as Exhibit C.)  The entire right, title and interest to the '487 Patent has been assigned to ACQIS.  ACQIS is the owner and possessor of all rights pertaining to the '487 Patent.

10.     On October 18, 2011, United States Patent No. 8,041,873 ("the '873 Patent") entitled "Multiple Module Computer System and Method Including Differential Signal Channel Comprising Unidirectional Serial Bit Channels to Transmit Encoded Peripheral Component Interconnect Bus Transaction Data" issued to William W.Y. Chu.  (A copy of the '873 Patent is attached hereto as Exhibit D.)  The entire right, title and interest to the '873 Patent has been assigned to ACQIS, including the right to enforce the '873 patent and obtain legal and equitable relief for infringement.

11.     On April 27, 2010, United States Patent No. RE41,294 ("the '294 Patent") entitled "Password Protected Modular Computer Method and Device" issued to William W.Y. Chu.  (A copy of the '294 Patent is attached hereto as Exhibit E.)  The entire right, title and

interest to the '294 Patent has been assigned to ACQIS, including the right to enforce the '294 patent and obtain legal and equitable relief for infringement.

12.     On November 23, 2010, United States Patent No. RE41,961 ("the '961 Patent") entitled "Password Protected Modular Computer Method and Device" issued to William W.Y. Chu.  (A copy of the '961 Patent is attached hereto as Exhibit F.)  The entire right, title and interest to the '961 Patent has been assigned to ACQIS, including the right to enforce the '961 patent and obtain legal and equitable relief for infringement.

13.     On October 2, 2011, United States Patent No. RE42,814 ("the '814 Patent") entitled "Password Protected Modular Computer Method and Device" issued to William W.Y. Chu.  (A copy of the '814 Patent is attached hereto as Exhibit G.)  The entire right, title and interest to the '814 Patent has been assigned to ACQIS, including the right to enforce the '814 patent and obtain legal and equitable relief for infringement.

14.     On November 29, 2011, United States Patent No. RE42,984 ("the '984 Patent") entitled "Data Security Method and Device for Computer Modules" issued to William W.Y. Chu.  (A copy of the '984 Patent is attached hereto as Exhibit H.)  The entire right, title and interest to the '984 Patent has been assigned to ACQIS, including the right to enforce the '984 patent and obtain legal and equitable relief for infringement.

15.     On February, 7, 2012, United States Patent No. RE43,171 ("the '171 Patent") entitled "Data Security Method and Device for Computer Modules" issued to William W.Y. Chu.  (A copy of the '171 Patent is attached hereto as Exhibit I.)  The entire right, title and interest to the '171 Patent has been assigned to ACQIS, including the right to enforce the '171 patent and obtain legal and equitable relief for infringement.

16.     On August 27, 2013, United States Patent No. RE44,468 ("the '468 Patent") entitled "Data Security Method and Device for Computer Modules" issued to William W.Y. Chu.  (A copy of the '468 Patent is attached hereto as Exhibit J.)  The entire right, title and interest to the '468 Patent has been assigned to ACQIS, including the right to enforce the '468 patent and obtain legal and equitable relief for infringement.

17.     The above patents are collectively referred to herein as the "Patents-in-Suit."

## BACKGROUND REGARDING PRIOR LITIGATION

18.     In April 2009, ACQIS filed suit in this district against IBM, Hewlett-Packard, Sun Microsystems (now Oracle), Dell and six others, accusing defendants' blade server products of patent infringement.  *ACQIS LLC v. Appro Int'l, Inc.*, No. 6:09-CV-148-LED) ("the 2009 litigation").  IBM was the only defendant remaining when the case was tried in February 2011— the other nine defendants settled before trial.  At trial, the jury found that IBM infringed all of the patent claims tried, and that none of the tried claims were invalid.  In October 2011, ACQIS filed a second suit against IBM, accusing IBM's rack and tower server products of patent infringement.  In December 2011, IBM and ACQIS entered into a settlement agreement ending both disputes.

19.     During the course of the previous litigations, IBM and Hewlett-Packard sought reexamination of the '416 Patent, and IBM sought reexamination of the '873 and '814 Patents. The Patent Office confirmed the patentability of all the claims under reexamination for the '873 Patent, all but two claims of the '814 Patent, and all but three claims of the '416 Patent.

20.     The '416 Patent was asserted against IBM in the 2009 litigation.  The '873 Patent was asserted in the October 2011 complaint filed against IBM.  The Patents-in-Suit are part of the same patent family as the patents asserted in the 2009 litigation.

21.     In the prior litigations, ACQIS's infringement claims were directed toward blade server products.  In this suit, ACQIS's infringement claims are directed toward a broader range of modular computers.

## MODULAR COMPUTER SYSTEMS

22.     The types of products at issue in this case are modular computer systems. Modular computing systems are systems where multiple modular computers are housed in a chassis, rack or other enclosure.  Modular computer systems allow for more processing power in less space, simplify cabling, and reduce power consumption as compared to other computer system configurations.  Modular computer systems have become extremely popular over the last few years as customers demand more computing power and lower cost of ownership.

23.      Huawei's modular computing products include at least its Tecal Server Systems, and similar products.

## FIRST CAUSE OF ACTION
## (INFRINGEMENT OF THE '416 PATENT)

24.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-23.

25.     ACQIS is the sole holder of the entire right, title and interest in the '416 Patent.

26.     On information and belief, Huawei directly infringes one or more of the claims of '416 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '416 Patent.

27.     Huawei had knowledge of the '416 Patent at least as early as May 3, 2013.

28.     Since obtaining knowledge of the '416 Patent, Huawei has indirectly infringed the '416 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '416 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

29.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '416 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

30.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '416 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '416 Patent.

31.     ACQIS has suffered damages as a result of infringement of the '416 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

32.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '416 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '624 PATENT)

33.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-32.

34.     ACQIS is the sole holder of the entire right, title and interest in the '624 Patent.

35.     On information and belief, Huawei directly infringes one or more of the claims of the '624 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '624 Patent.

36.     Huawei had knowledge of the '624 Patent at least as early as May 3, 2013.

37.     Since obtaining knowledge of the '624 Patent, Huawei has indirectly infringed the '624 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '624 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

38.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '624 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

39.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '624 Patent, as demonstrated by, for example, providing specifications and instructions for the

installation and operation of the accused products, including uses that infringe one or more claims of the '624 Patent.

40.     ACQIS has suffered damages as a result of infringement of the '624 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

41.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '624 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '487 PATENT)

42.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-41.

43.     ACQIS is the sole holder of the entire right, title and interest in the '487 Patent.

44.     On information and belief, Huawei directly infringes one or more of the claims of the '487 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '487 Patent.

45.     Huawei had knowledge of the '487 Patent at least as early as May 3, 2013.

46.     Since obtaining knowledge of the '487 Patent, Huawei has indirectly infringed the '487 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '487 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including

at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

47.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '487 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

48.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '487 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '487 Patent.

49.     ACQIS has suffered damages as a result of infringement of the '487 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

50.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '487 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

## FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '873 PATENT)

51.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-50.

52.     ACQIS is the sole holder of the entire right, title and interest in the '873 Patent.

53.     On information and belief, Huawei directly infringes one or more of the claims of the '873 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '873 Patent.

54.     Huawei had knowledge of the '873 Patent at least as early as May 3, 2013.

55.     Since obtaining knowledge of the '873 Patent, Huawei has indirectly infringed the '873 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '873 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

56.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '873 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

57.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '873 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '873 Patent.

58.     ACQIS has suffered damages as a result of infringement of the '873 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

59.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '873 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

### FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '294 PATENT)

60.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-59.

61.     ACQIS is the sole holder of the entire right, title and interest in the '294 Patent.

62.     On information and belief, Huawei directly infringes one or more of the claims of the '294 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '294 Patent.

63.     Huawei had knowledge of the '294 Patent at least as early as May 3, 2013.

64.     Since obtaining knowledge of the '294 Patent, Huawei has indirectly infringed the '294 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '294 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

65.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '294 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

66.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '294 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '294 Patent.

67.     ACQIS has suffered damages as a result of infringement of the '294 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

68.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '294 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

## SIXTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '961 PATENT)

69.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-68.

70.     ACQIS is the sole holder of the entire right, title and interest in the '961 Patent.

71.     On information and belief, Huawei directly infringes one or more of the claims of the '961 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal

Server Systems, and similar products.  These products are covered by one or more claims of the '961 Patent.

72.     Huawei had knowledge of the '961 Patent at least as early as May 3, 2013.

73.     Since obtaining knowledge of the '961 Patent, Huawei has indirectly infringed the '961 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '961 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

74.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '961 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

75.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '961 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '961 Patent.

76.     ACQIS has suffered damages as a result of infringement of the '961 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

77.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '961 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future

infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

## SEVENTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '814 PATENT)

78.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-77.

79.     ACQIS is the sole holder of the entire right, title and interest in the '814 Patent.

80.     On information and belief, Huawei directly infringes one or more of the claims of the '814 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '814 Patent.

81.     Huawei had knowledge of the '814 Patent at least as early as May 3, 2013.

82.     Since obtaining knowledge of the '814 Patent, Huawei has indirectly infringed the '814 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '814 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

83.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '814 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

84.     On information and belief, Huawei's active inducement of infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '814 Patent, as demonstrated by, for

example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '814 Patent.

85.     ACQIS has suffered damages as a result of infringement of the '814 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

86.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '814 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

### EIGHTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '984 PATENT)

87.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-86.

88.     ACQIS is the sole holder of the entire right, title and interest in the '984 Patent.

89.     On information and belief, Huawei directly infringes one or more of the claims of the '984 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.  These products are covered by one or more claims of the '984 Patent.

90.     Huawei had knowledge of the '984 Patent at least as early as May 3, 2013.

91.     Since obtaining knowledge of the '984 Patent, Huawei has indirectly infringed the '984 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '984 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including

at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

92.     On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '984 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

93.     On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '984 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '984 Patent.

94.     ACQIS has suffered damages as a result of infringement of the '984 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

95.     For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '984 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

**NINTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '171 PATENT)**

96.     ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-95.

97.     ACQIS is the sole holder of the entire right, title and interest in the '171 Patent.

98.     On information and belief, Huawei directly infringes one or more of the claims of the '171 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.   These products are covered by one or more claims of the '171 Patent.

99.     Huawei had knowledge of the '171 Patent at least as early as May 3, 2013.

100.    Since obtaining knowledge of the '171 Patent, Huawei has indirectly infringed the '171 Patent by actively inducing infringement by others, and/or contributing to the infringement of one or more of the claims of the '171 Patent in violation of 35 U.S.C. §§ 271(b)-(c), including at least by providing infringing products or components with no substantial non-infringing use to end-users, resellers, and/or customers, along with user guides and product documentation that instruct end-users, resellers, and customers to use Huawei products in an infringing manner.

101.    On information and belief, Huawei end-users, resellers, and/or customers directly infringe the '171 Patent by using the accused products in violation of 35 U.S.C. § 271(a).

102.    On information and belief, Huawei's active inducement of infringement and/or contributory infringement has occurred with the specific intent of encouraging others to infringe, or with willful blindness to the fact that their actions would induce infringement of the '171 Patent, as demonstrated by, for example, providing specifications and instructions for the installation and operation of the accused products, including uses that infringe one or more claims of the '171 Patent.

103.    ACQIS has suffered damages as a result of infringement of the '171 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

104.    For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '171 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

### TENTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '468 PATENT)

105.    ACQIS realleges and incorporates by reference the allegations contained in paragraphs 1-104.

106.    ACQIS is the sole holder of the entire right, title and interest in the '468 Patent.

107.    On information and belief, Huawei directly infringes one or more of the claims of the '468 Patent by, without authorization, making, using, offering to sell, selling, and/or importing into the United States infringing systems, including without limitation Huawei's Tecal Server Systems, and similar products.   These products are covered by one or more claims of the '468 Patent.

108.    ACQIS has suffered damages as a result of infringement of the '468 Patent by Huawei, and will suffer additional damages as a result of Huawei's continuing infringement.

109.    For ongoing and future infringement, ACQIS will continue to suffer irreparable harm unless this Court enjoins Huawei, their agents, employees, representatives, and all others acting in concert with Huawei from infringing the '468 patent. In the alternative, ACQIS is entitled to damages in lieu of an injunction, in an amount consistent with the fact that, for future infringement, Huawei will be adjudicated infringers of a valid patent, and thus Huawei's future infringement will be willful as a matter of law.

**WILLFUL INFRINGEMENT**

110.    On May 3, 2013, ACQIS notified Huawei by certified letter of the existence of the ACQIS patent portfolio, including the '416, '624, '487, '873, '294, '961, '814, '984, and '171 patents.  At that time, ACQIS informed Huawei that, in prior litigation against IBM, (1) IBM's blade server products were found by a jury to infringe claims of three ACQIS patents, including the '416 patent asserted in this action; (2) the claims asserted against IBM were found by the jury to be not invalid; and (3) the jury awarded ACQIS substantial damages for the infringement. ACQIS further informed Huawei that, in connection with the prior litigation, many claims in the ACQIS portfolio were reexamined and, ultimately, confirmed patentable by the United States Patent & Trademark Office.  ACQIS also identified Huawei products that are relevant to the ACQIS portfolio.  These products include, but are not limited to, Huawei's ATCA, modular storage platform, and Tecal Series server products.  Finally, when notifying Huawei of the ACQIS portfolio, ACQIS explained that it would be willing to discuss numerous forms of licensing or other beneficial relationships with Huawei.  As of this date, ACQIS has received no response from Huawei.

111.    On information and belief, Huawei has acted and continues to act in an objectively reckless manner regarding the asserted patents of the ACQIS portfolio.  Huawei has, as of this date, failed to indicate to ACQIS that it has even attempted to review the asserted patents.  And Huawei has failed to provide any indication that it has any reasonable basis for believing that the asserted patents do not cover Huawei's accused products.  On information and belief, Huawei lacks any justifiable belief that its accused products do not infringe ACQIS's asserted patents or that the asserted claims are invalid, making Huawei's infringement of each of

the '416, '624, '487, '873, '294, '961, '814, '984, and '171 patents willful.  As a result, ACQIS is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## DEMAND FOR RELIEF

WHEREFORE, ACQIS respectfully requests the following relief:

a)      That this Court adjudge and decree that Huawei has been and is currently infringing, inducing others to infringe, and committing acts of contributory infringement with respect to the Patents-in-Suit, and that these acts of infringement are willful;

b)      That Huawei's acts of infringement are willful with respect to the '416, '624, '487, '873, '294, '961, '814, '984, and '171 patents;

c)      That this Court enjoin Huawei from infringing any of the Patents-in-Suit;

d)      That this Court order Huawei to:

i.   recall and collect from all persons and entities that have purchased any and all products found to infringe any of the Patents-in-Suit that were made, offered for sale, sold, or otherwise distributed in the United States by Huawei or anyone acting on their behalf;

ii.  destroy or deliver all such infringing products to ACQIS;

iii. revoke all licenses to all such infringing products;

iv.  disable all web pages offering or advertising all such infringing products;

v.   destroy all other marketing materials relating to all such infringing products;

e)      That this Court award damages to ACQIS to compensate it for each of the unlawful actions set forth in ACQIS's complaint;

f)      That this Court award pre-judgment and post-judgment interest on such damages to ACQIS and order an accounting of damages that accrue between the close of fact discovery and the date a final judgment is entered in this litigation;

g)      That this Court determine that this patent infringement case is exceptional and award ACQIS its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

h)      That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ACQIS respectfully requests a trial by jury on all issues triable thereby.


Dated:  September 9, 2013                          Respectfully submitted,


                                                   _  /s/   James P. Brogan_____

                                                   James P. Brogan
                                                   Wayne O. Stacy, State Bar #24008070
                                                   COOLEY LLP
                                                   380 Interlocken Crescent, Ste. 900
                                                   Broomfield, CO  80021-8023
                                                   Telephone:     (720) 566-4000
                                                   Facsimile:     (720) 566-4099

                                                   Thomas J. Friel, Jr.
                                                   COOLEY LLP
                                                   101 California Street, 5th Floor
                                                   San Francisco, CA  94111-5800
                                                   Telephone:     (415) 693-2000
                                                   Facsimile:     (415) 693-2222

                                                   *Attorneys for Plaintiff ACQIS LLC*


383945 v2/CO